IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EDGAR HANSON,                          §
                                       §
              Plaintiff,               §
                                       §
V.                                     §          No. 3:22-cv-2551-BN
                                       §
VOLUNTEERS OF AMERICA TEXAS,           §
                                       §
              Defendant.               §

**<u>SUPPLEMENTAL SCHEDULING ORDER</u>**

Plaintiff Edgar Hanson, through counsel, filed a complaint against Defendant

Volunteers of America Texas, Inc. ("VOA"), alleging that he sustained injuries while

in custody at VOA's halfway house. *See* Dkt. No. 1. VOA answered. *See* Dkt. No. 4.

And this lawsuit was referred to the undersigned United States magistrate judge to

conduct all further proceedings under 28 U.S.C. § 636(c) and the parties' consent. *See*

Dkt. Nos. 8 & 9.

VOA has filed a motion for summary judgment. *See* Dkt. Nos. 24-26. As a

supplement to the Court's Initial Scheduling Order [Dkt. No. 13], under Federal Rule

of Civil Procedure 16(b), as amended, *see* Dkt. No. 19, the Court enters this

supplemental scheduling order on summary judgment.

Hanson must file a written response to the motion by **May 29, 2024**. The

response must be accompanied by or incorporate a brief, and the response and the

brief must not together exceed 30 pages in length, excluding any table of contents and

table of authorities. *See* N.D. Tex. L. Civ. R. 56.5(b) (as modified).

The responding parties' brief must discuss whether the responding parties

agrees with the moving parties' identification of the live pleadings for each party who has appeared in the action and, if not, why not. Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. Tex. L. Civ. R. 56.6(b). The responding parties must (1) bracket in the margin of each document in the appendix or (2) place a text box around or (3) otherwise highlight the portions of the document on which the respondents rely, and, when citing materials in the record, the responding parties must support each assertion by citing each relevant page of its own or another party's appendix.

Additionally, except to the extent any requirement is modified herein, the response and brief must comply with the requirements of Local Civil Rules 56.4(a)-(c), 56.5(a), 56.5(c), and 56.6(a)-(b).

A motion for continuance under Federal Rule of Civil Procedure 56(d) must be filed separately and may not be included in the response to the motion for summary judgment, brief in support thereof, or any other document.

VOA may file a reply brief, but no additional evidence, by **June 13, 2024**. The reply must not exceed 15 pages in length. *See* N.D. Tex. L. Civ. R. 56.5(b) (as modified).

No supplemental pleadings, briefs, or summary judgment evidence or other documents may be filed in connection with the motion for summary judgment or

response thereto without leave of court. *See* N.D. TEX. L. CIV. R. 56.7.

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). "There is no need to make a separate motion to strike." FED. R. CIV. P. 56 advisory committee's note to 2010 amendments; *accord Adams v. Untied Assoc. of Journeymen & Apprentices of the Plumbing and Pipefitting Indus. of the U.S. & Canada, AFL-CIO, Local 198*, Civ. A. No. 98-400-JWD-RLB, 2020 WL 1856191, at * (M.D. La. Apr. 13, 2020) ("For approximately the past nine years, recommended federal practices have entailed considering objections to evidence offered in support of or in opposition to motions for summary judgment in conjunction with the actual motion for summary judgment as opposed to a separate motion to strike, similar to the practice of objecting to evidentiary offerings at trial.").

The Court will not consider a separate motion to strike evidence, fact statements, or briefing offered in support of or in opposition to summary judgment. The Court will summarily deny without prejudice any motion to strike filed in violation of these directions.

The parties instead must include any objections to evidence, fact statements, or briefing offered in support of or in opposition to a motion for summary judgment within their briefs (including reply briefs) in support of or in opposition to a motion for summary judgment. If a party includes objections in a response in opposition to a motion for summary judgment, any response to the objections must be included in the reply brief in support of the motion for summary judgment, and no reply in

support of the objections is permitted. If a party includes objections in a reply brief in support of a motion for summary judgment, any response to the objections must be made in a separate brief that does not exceed 10 pages in length, excluding any table of contents and table of authorities, and that must be filed by no later than 14 days after the date of filing of the reply brief in support of a motion for summary judgment, and no reply in support of the objections is permitted.

The deadlines set forth in this order will not be modified except on written motion for good cause shown. *See* FED. R. CIV. P. 16(b). Further, the Court strongly discourages any request to extend either of these deadlines through a motion that is filed within three business days of the existing deadline and will grant any such motion only on a showing in the written motion of extraordinary circumstances.

The Court intends to rule on the motion based on the parties' written submissions, without hearing oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). But the Court, in its discretion or on the request of any party, may schedule oral argument prior to ruling on the motion. Any party who desires oral argument must file a written request with the Court by **June 13, 2024**.

With regard to possible oral argument, the undersigned notes a trend today in which fewer cases go to trial and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for junior lawyers (that is, lawyers practicing for less than seven years). The undersigned strongly encourages litigants to be mindful of opportunities for junior lawyers to conduct hearings or oral argument

before the Court, particularly hearings or oral arguments as to which the junior lawyer drafted or contributed significantly to the underlying motion or response. In those instances in which the undersigned is inclined to rule on the papers, a representation that the oral argument would be handled by a junior lawyer – or by a lawyer who has more than seven years in practice but who has had less than five speaking appearances in any federal court – will weigh in favor of holding oral argument. The undersigned understands that there may be circumstances in which having a junior lawyer handle a hearing or oral argument might not be appropriate – such as where no junior lawyers were involved in drafting the motion or response or where the motion might be dispositive in a "bet-the-company" type case. Even so, the undersigned believes it is crucial to provide substantive speaking opportunities to junior or other less experienced lawyers and that the benefits of doing so will accrue to junior lawyers, to clients, and to the profession generally. Thus, the undersigned encourages all lawyers practicing before the Court to keep this goal in mind.

Additionally, the undersigned permits a party's or parties' lawyers' splitting an oral argument and encourages, in appropriate cases, doing so with a more junior attorney who may have spent the most hours on the briefing.

If, while the motion is pending, the parties are having serious discussions that might make it unnecessary for the Court to rule on the motion, the parties must immediately advise Shakira Todd, at (214) 753-2165, that such discussions are ongoing.

Any questions concerning the requirements of this order may be directed to

Ms. Todd. Attorneys and parties <u>should not</u> contact Ms. Todd or the Court's chambers to ask when a ruling on a motion can be expected.

Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

Please note that deadlines in this order are for filing or delivery and are not mailing dates.

The failure to comply with any part of this order may result in the imposition of sanctions, *see* FED. R. CIV. P. 16(f), and may lead to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATE: May 1, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE